953 F.2d 640
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Franklin LOWERY, Defendant-Appellant.
 No. 90-5104.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1991.
Decided Jan. 14, 1992.
As Amended Feb. 12, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham, No. CR-90-142-R, Hiram H. Ward, Senior District Judge.
 Steven D. Hedges, Patton, Boggs & Blow, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Benjamin Franklin Lowery was convicted of attempting to possess less than fifty kilograms of marijuana with intent to distribute (21 U.S.C. § 846 (1988) and 21 U.S.C.A. § 841 (West 1981 & Supp.1991)). He appeals the sentence imposed and we affirm.
 
 
 2
 Lowery told a customer of his rural grocery store that he wanted to buy about two hundred pounds of marijuana and asked if the customer knew of a source. The customer contacted law enforcement authorities and then, acting as a confidential informant, told Lowery that his nephew could supply the marijuana. Eventually, Lowery decided he could only afford to buy one hundred pounds in the first transaction; however, in two recorded conversations with the informant Lowery said that if more were given to him he could quickly sell it, and made it evident that he was eager to arrange future purchases so as to have a regular supply. Lowery told the informant that he would take two or three hundred pounds the next time, and would make one of his buildings ready as a place to unload the marijuana.
 
 
 3
 The sentencing court found that Lowery had negotiated for at least two hundred pounds of marijuana and determined his base offense level using this amount. On appeal, Lowery maintains that he had contracted to buy only one hundred pounds and that no more should have been considered in fixing his sentence.
 
 
 4
 A district court's finding as to the amount of drugs involved in an offense is a factual matter and will not be disturbed unless it is clearly in error. United States v. Daughtrey, 874 F.2d 213 (4th Cir.1989). Application note 1 to U.S.S.G. § 2D1.4 (Attempts and Conspiracies) provides that "If the defendant was convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount." The information before the sentencing court showed that Lowery was attempting to arrange a regular source of supply of marijuana and that he had made clear his intention to buy far more than the one hundred pounds he contracted for in this transaction, which was intended to be the first of many. We find no clear error in the district court's determination of the amount involved in the offense.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.